UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYAM K. CHETAL,<br>　　　　Plaintiff,<br>　v.<br>U.S. DEPARTMENT OF INTERIOR, et al.,<br>　　　　Defendants. | Case No. 18-cv-03731-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY**<br><br>Docket No. 19 |

Plaintiff Shyam K. Chetal, proceeding pro se, has filed suit against federal government entities and employees, asserting that they have failed to comply with the Freedom of Information Act ("FOIA"). Currently pending before the Court is Mr. Chetal's motion to expedite discovery.

The motion is **DENIED**. Mr. Chetal's reliance on 5 U.S.C. § 552(a)(6)(E) is misplaced. That statute is inapplicable. *See* 5 U.S.C. § 552(a)(6)(E) (providing that an "agency shall promulgate regulations . . . providing for expedited processing of requests for records," *e.g.*, "in cases in which the person requesting the records demonstrates a compelling need"). It does not apply to discovery.

To obtain expedited discovery under Federal Rule of Civil Procedure 26(d), a party must show good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Mr. Chetal has failed to make a showing of good cause for expedited discovery in the instant case.

Furthermore, the Court takes note that

> FOIA cases are often decided on motions for summary judgment because the facts are rarely in dispute. While courts have discretion to permit discovery in FOIA cases, discovery in such cases is limited "because the underlying case revolves around the propriety of revealing certain documents." Consequently, "courts routinely

> delay discovery until after summary judgment in [FOIA cases] . . . and [the Ninth Circuit] has affirmed denials of discovery where . . . the plaintiff's requests consisted of 'precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA.'"

*Carlson v. United States Postal Serv.*, No. 15-cv-06055-JCS, 2017 U.S. Dist. LEXIS 132599, at *28-29 (N.D. Cal. Aug. 18, 2017).

To the extent Mr. Chetal has moved for a preliminary injunction, *see* Docket No. 21 (declaration from Mr. Chetal, stating that it is being submitted in support of a preliminary injunction), the request for relief is also denied. He has failed to show, *inter alia*, a likelihood of success on the merits or irreparable injury. *See Pom Wonderful Ltd. Liab. Co. v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (stating that, "the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest").

**IT IS SO ORDERED**.

Dated: October 22, 2018

_____
EDWARD M. CHEN
United States District Judge

2