UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYAM K. CHETAL,<br><br>     Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF INTERIOR, et al.,<br><br>     Defendants. | Case No. 18-cv-03731-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Docket No. 57 |

  Plaintiff Shyam K. Chetal sued the U.S. Department of Interior and the U.S. Bureau of Land Management (collectively, the "agency"), asserting a violation of the Freedom Information Act ("FOIA"). According to Mr. Chetal, the agency failed to respond to a FOIA request he made in October 2017 and further withheld documents even though no FOIA exemption applies. In March 2019, the Court granted in part and denied in part both the agency's motion for summary judgment and Mr. Chetal's cross-motion. The Court granted limited relief to Mr. Chetal – requiring the agency to produce information from the LR2000 database as to who owned the mining claims at issue for the 2012-2017 period – but otherwise found in favor of the agency. *See* Docket No. 53 (order). A final judgment was subsequently entered. *See* Docket No. 54 (final judgment).

  Currently pending before the Court is Mr. Chetal's motion for sanctions. According to Mr. Chetal, the agency has failed to comply with the Court's order requiring it to produce to him information from the LR2000 database. Having considered the parties' briefs and accompanying submissions, the Court hereby finds the matter suitable for disposition without oral argument. The motion for sanctions is **DENIED**.

1    In his motion, Mr. Chetal appears to make two arguments: (1) the information provided by

2  the agency is incomprehensible and (2) the information should have been accompanied by a

3  declaration from an agency representative but none was provided.  Neither argument is availing.

4    As to the first argument, the Court notes that the chart the agency provided Mr. Chetal had

5  "headers" for each column.  *See* Docket No. 57, at 28 (reflecting for Column 1: Meridian township

6  range; Column 2: Serial number; Column 3: Claimant name; Column 4: Disposition; Column 5:

7  Disposition date; and Column 6: Disposition action).  Moreover, the agency also gave Mr. Chetal

8  an email that contained explanatory notes about the chart:

> The report shows claim activity for the time period January 1, 2012
> to December 31, 2019.
>
> This report shows all the claim activity in the townships and ranges
> associated with the legal description of the claims previously held
> by Marian Porter and her co-locators.
>
> The report also shows that all of the claims associated with the name
> Marian Porter and her co-locators were closed/forfeited in 2012.
> (4th, 5th, and 6th columns.)
>
> There were other claims that were closed in this geographical area
> that were also closed during that time period.  Wyoben and Richard
> Thayer had claims that were closed 9/1/2016.
>
> New claims were located by U.S. Gypsum in 2014.  These are
> shown as active in the 4th column with location dates in September
> 2014 (5th column).
>
> Please note that the identifying number in the second column may
> be the same for a number of different individuals.  Placer claims
> may be located as an association placer claim with up to 8
> individuals holding up to 160 acres total (20 acres each).
> Association claims can't be larger than 160 acres.  Any one claim
> will have a unique legal description that may include multiple
> sections and/or townships and/or ranges.

23  Docket No. 57, at 7 (email, dated April 8, 2019, from AUSA Winslow to Mr. Chetal).

24    As for Mr. Chetal's second argument, the Court never required, in its summary judgment

25  order, that the agency provide a declaration along with the LR2000 information.  Nor has Mr.

26  Chetal cited any authority to support the proposition that a FOIA response requires a declaration.

27  *Cf. ACLU v. DOJ*, 681 F.3d 61, 71 (2d Cir. 2012) ("FOIA does not permit courts to compel an

28  agency to produce anything other than responsive, non-exempt records.  If the Government altered

2

1  or modified the OLC memoranda in accordance with the compromise, the Government would

2  effectively be 'creating' documents – something FOIA does not obligate agencies to do."); *see*

3  *also Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 152 (1980) ("The Act

4  does not obligate agencies to create or retain documents; it only obligates them to provide access

5  to those which it in fact has created and retained."). Mr. Chetal's citation to Federal Rule of Civil

6  Procedure 56 and Civil Local Rule 7-5 is not on point. Those rules concern motions.

7       Finally, the Court notes that the sanctions requested by Mr. Chetal are also inappropriate,

8  in that they would require the agency to create documents. *See* Mot. at 5 (asking for an order

9  requiring the agency "to specifically answer the truthfulness as to the current [ads] of Ten Sleep

10  Mine for 250 million as property of Marian Porter"). The sanctions requested also have no

11  relationship to the alleged misconduct.

12      To the extent Mr. Chetal raises a new argument in his reply brief – *i.e.*, that his appeal to

13  the Ninth Circuit has now divested this Court of jurisdiction to rule on his sanctions motion – the

14  Court does not agree. There are situations in which "a notice of appeal does not divest the district

15  court of jurisdiction," for example, "where the issue before the district court is separate from, or

16  collateral to, the matter involved in the appeal" or "where application of the divestiture of

17  jurisdiction rule would wholly undermine its purpose." *Ashker v. Cate*, No. 09-cv-05796-CW

18  (RMI), 2019 U.S. Dist. LEXIS 62051, at *10 (N.D. Cal. Apr. 10, 2019). At the very least, the

19  sanctions motion is collateral to the appeal. *Cf. United States v. Cmty. Home & Health Care Serv.,*

20  *Inc.*, 550 F.3d 764, 766 (9th Cir. 2008) (noting that "a district court retains the power to award

21  attorney's fees after a notice of appeal from the decision on the merits has been filed"; indicating

22  that issues are collateral where the "factual inquiry [is] distinct from one addressing the merits");

23  *Canon Bus. Sols., Inc. v. ASAP Copy & Print*, No. CV 12-10165 ABC (PJWx), 2013 U.S. Dist.

24  ///

25  ///

26  ///

27  ///

28  ///

LEXIS 199964, at *5 (C.D. Cal. Apr. 24, 2013) (holding that one party's "notice of appeal from the denial of the motion to vacate [an order] does not divest the Court of jurisdiction to hear the [other party's Rule 11] sanctions motion").

This order disposes of Docket No. 57.

**IT IS SO ORDERED**.

Dated: May 8, 2019

_____
EDWARD M. CHEN
United States District Judge